## OPINIONS PUBLISHED IN FULL
## FY 1986

(No. 79-CV-0297—<span></span>

*In re* APPLICATION OF CLEATHER BROWN.

*Opinion filed April 8, 1980.*

*Order filed November 7, 1985.*

CHARLES STEGMEYER, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER and WILLIAM E. WEBBER, Assistant Attorneys General, of counsel), for Respondent.

PER CURIAM

This claim arises out of an incident that occurred on March 16, 1979, in East St. Louis, Illinois. Cleather Brown, for Tameaka Wells, minor, mother of the deceased victim, Cheryle Ramsey, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased daughter, Cheryle Ramsey, age 16, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1).

2. That on March 16, 1979, Cheryle Ramsey was sent by Illinois Job Service to a home in East St. Louis, Illinois, to babysit. This was the victim's first job assignment. The subject who ordered the baby-sitter immediately attacked her, beat and stabbed her to death.

3. That the Claimant, Cleather Brown, did not incur funeral and burial expenses as a result of the victim's death. They were billed to a third party.

4. That the Claimant, Cleather Brown, seeks compensation for loss of support for Tameaka Wells, age 2, daughter of the victim.

5. That the Claimant, Cleather Brown, has not submitted any evidence before the Court to substantiate the fact that Tameaka Wells was dependent upon the victim for support. The Claimant has produced no evidence to substantiate income of the victim for six months preceding the incident.

6. That section 7(d) of the Act provides for a deduction of $200.00 plus the amount of benefits, payments or awards payable under the "Workmen's Compensation Act," (Ill. Rev. Stat. 1977, ch. 48, par. 138.1, *et seq.*), from local governmental, State or Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

7. That the Claimant, Cleather Brown, having not submitted the necessary evidence needed to support her claim for loss of support, has not met a required condition precedent for compensation under the Act.

It is hereby ordered that the claim of Cleather Brown be and is hereby denied.

## ORDER

HOLDERMAN, J.

This is a claim under the Crime Victims Compensation Act for funeral expenses incurred by the mother of the deceased, Cleather Brown, and for loss of support for decedent's child, Tameaka Wells.

Cheryle Ramsey, age 16 years, was sent by the Illinois Job Service in East St. Louis to a location at which she was to be employed as a baby-sitter. The incident occurred on May 16, 1979. When she arrived at the place where she was to be employed, she was beaten

and stabbed to death by one Sylvester Davis, who had previously called the Job Service to request a baby-sitter be referred to him.

The evidence shows that the decedent was the mother of a child, Tameaka Wells, who was 16 months old at the time of her mother's death.

At Claimant's request, a hearing was held in this matter, at which time certain evidence was introduced showing that the mother of the decedent had paid $750.00 for the funeral bill of Cheryle Ramsey and that decedent had been employed as a baby-sitter and at a drive-in movie facility prior to her death, earning approximately $120.00 per month.

Under the Crime Victims Compensation Act, the Court must consider the following:

1. What amount, if any, should be awarded to the mother of the decedent for the funeral bill;

2. What amount, if any, should be awarded to the child of decedent for loss of support; and

3. What amount, if any, should be awarded to the attorneys for the claim for fees under the Crime Victims Compensation Act.

The commissioner, in his report, finds that the evidence regarding the payment of $750.00 on the funeral bill by the mother of decedent is uncontradicted. He also finds that the evidence the decedent provided the minor child with some support is uncontradicted. The amount of the support provided is somewhat uncertain and ranges from $120.00 per month to $240.00 per month over the period of time of two years prior to decedent's death. The commissioner has recommended an award of $5,000.00 to the minor child for loss of

support. The Act limits recovery to $15,000.00 and it is obvious from the evidence that the employment history of decedent makes a maximum recovery difficult to justify.

The court hereby orders that Cleather Brown be awarded the sum of $750.00 for funeral expenses, that Tameaka Wells, decedent's minor daughter, be awarded $5,000.00, and that counsel for Claimant be awarded $500.00.